Plaintiff, Young M. Miley, and defendant Cecil Rester were opposing candidates for the Democratic Nomination to the office of member of the Police Jury, Ward 5, Parish of Washington, La., at the recent Democratic Primary Election held throughout the State of Louisiana on Tuesday January 18, 1944. There are two precincts in said Ward, Precinct No. 1 being located at Varnado, and Precinct No. 2 at Sheridan.
According to the promulgation of the returns of the said election by the Democratic Executive Committee of the Parish of Washington it appears that the plaintiff received a total of three hundred and thirty votes in both Precincts and defendant three hundred and sixty four votes. The defendant's majority therefore was thirty four votes, and accordingly, the said Democratic Executive Committee, by resolution, declared him to be the nominee of the party for the said office to be voted upon in the General Election to be held in this State on April 18, 1944.
Plaintiff has instituted this proceeding against the defendant Rester and the Democratic Executive Committee of Washington Parish as well, claiming that because of various and sundry gross irregularities and frauds committed by the Commissioners in conducting the election at Precinct No. 1, all of which are fully detailed in his petition, he received a sufficient number of legally cast ballots to entitle him to the nomination and that a recount of the ballots will so show. In the alternative, he contends that in the event a recount would not show that he received a majority, that the frauds, malpractices and irregularities committed by the said Commissioners of Election *Page 609 
at the said Precinct, where he was without representation, did affect and change the result of the said election, and that hence, the entire election should be annulled and ordered held again. The relief which plaintiff seeks therefore is twofold: First, he asks for a recount of the box in Precinct No. 1, which under Section 86 of Act 46 of 1940, the present Primary Law, he may require on allegations made on information and belief that a proper recount would change the result of the election, upon his depositing the sum of $20 for each box on which a recount is demanded; and, second, he asks in the alternative, that the entire election be annulled because of the irregularities, frauds and malpractices, which, he alleges, were committed by the Commissioners at the said Precinct.
In his petition, plaintiff shows, by detailing the vote of each candidate at each precinct in the said ward, how the total of thirty four votes in favor of the defendant had been arrived at by the Democratic Parish Executive Committee. In Precinct No. 1 he is shown to have received one hundred and twenty six votes as against two hundred and fifty nine votes for his opponent, and at Precinct No. 2 he is shown to have received two hundred and four as against one hundred and five votes for his opponent.
Although plaintiff enumerated some ten different instances of fraud allegedly committed by the Commissioners of Election at Precinct No. 1, apparently all charges of fraud have been abandoned and he seems to rely now only upon two alleged irregularities on which he seeks either to have himself declared the nominee, or in the alternative to have the election annulled. These irregularities consist first in the Commissioners of Election having illegally and arbitrarily chosen or substituted other Commissioners than had been selected by the candidates themselves, resulting in his having no representation at the polls, and second, in their failure to have returned to the ballot box a total of twenty one ballots which had been marked and which were found in the polling place on the morning after the election, not less than eight of these plainly showing erasures which indicated that the vote had been changed from one in his favor to a vote in favor of his opponent.
The District Judge, acting upon the petition and affidavit of the plaintiff, ordered a recount of the box and appointed counters to conduct the same. The recount was held in open court and showed the following results: For the plaintiff, Young M. Miley, one hundred and twenty two votes, and for the defendant Cecil Rester, two hundred and forty two votes. This was a majority of one hundred and twenty votes in the box in favor of the defendant as against a majority of one hundred and thirty three votes in his favor as shown by the promulgation of the returns as made by the Parish Democratic Executive Committee. The total number of votes recounted was three hundred and sixty four as against the total of three hundred and eighty five as promulgated by the Committee, thus showing a discrepancy of twenty one votes. Notwithstanding the reduction in the majority of the defendant's votes from one hundred and thirty four to one hundred and twenty, on the recount of said box, defendant's clear majority in both Precincts of the Ward remained twenty one votes. However, after the recount, the District Judge held that eight of the votes which had been cast for the plaintiff were spoiled ballots and that nine of the votes cast for the defendant were spoiled, thus further reducing the defendant's majority by one vote, but leaving him still with a clear majority of twenty votes. Counsel for plaintiff while admitting that the trial judge may have been correct in holding that some of the ballots were spoiled, was in error in some two or three other instances, but as in our opinion his holding in this respect can have no bearing on the ultimate results or final decision of the case, we find it unnecessary to go into a discussion or consideration of that issue.
After the recount had been made the trial Judge heard testimony offered to prove the frauds and irregularities plaintiff had alleged in his petition and on which he relied to show a change in the result of the election and after considering what evidence was adduced on the only two remaining charges of irregularities he concluded that the proof was not sufficient to support them and accordingly decided the case in favor of the defendants and against the plaintiff, dismissing the latter's suit at his costs. Plaintiff then took and perfected this appeal.
The first irregularity of the remaining two that are now relied upon by the plaintiff, is the one in which he charges that the Commissioners of Election were *Page 610 
illegally and arbitrarily selected at Precinct No. 1. As found by the trial Judge the evidence is to the effect that on the morning of the election only two of the Commissioners who had been regularly drawn, appeared at the polls when it was time to proceed with the election. Of these two, one refused to serve, but a little later another who had been regularly drawn did show up. No alternate Commissioners had been selected by the candidates, so in order to fill the list of Commissioners the two who were present selected the only two watchers who were present, and all four of them then selected the fifth Commissioner from among the voters present. The Primary Law, Act 46 of 1940, Section 65, provides that should any one or more, but not all of the Commissioners drawn be present at the time the polls open, he or they shall select the alternate Commissioners present to act as alternates to those who have not appeared. Further it is provided that should no alternate Commissioner be present the place of said Commissioners should be filled by official watchers whose selection should be made in alphabetical order. The law seems to make no provision as to what the procedure should be in case of absence of the required number of alternate Commissioners or Watchers to take the place of those who do not appear. In the absence of any such provision in the law the four Commissioners who selected the fifth from among the voters present seem to us to have acted properly and in fact to have done the only reasonable thing they could do in order to fill the required number of Commissioners to conduct the election. If there was not a literal compliance with the provisions of the statute, it was in our opinion, because of the hiatus which seems to exist in the law itself under the circumstances such as here presented themselves. The law was substantially complied with and as there isn't any evidence whatsoever tending to show that the plaintiff was in any manner injured and that he did not have a fair election and receive an honest count at the hands of the Commissioners who actually served, he is without grounds or reason to complain on this point.
The next and more serious contention made by the plaintiff is that the election should be annulled and another election ordered for the reason that, as alleged in the petition and as shown by the evidence, there were some twenty one ballots found at the polling Precinct the day after the election, which ballots were in a paste board box and loose in the building where the polling booth was located. These ballots were not placed in the Parish box by the Commissioners as required by law before this box was sealed and placed in charge of the Deputy Sheriff for deposit with the clerk of court.
Under the Primary Election law, the election officials are presumed to do their duty which gives to their official acts a presumption of correctness. We are of the opinion that the twenty one ballots which were found in the polling precinct and were not put in the ballot box before it was sealed as required by law cannot be considered in the recount or in determining the number of votes received by either of the candidates at this Precinct, but they may be considered in corroborating and reconciling the official return of the Commissioners.
The tally sheets show that there were three hundred and eighty five votes polled at this Precinct for the two candidates for Police Juror, while the actual recount of the ballots in open court shows that there were only three hundred and sixty four ballots actually in the box, leaving a discrepancy between the number of ballots cast as shown by the Commissioners' return and those shown in the recount, in court, of twenty one ballots. This number corresponds with the number of ballots which were found at the polling precinct and were not placed in the box.
As already stated, the returns of the Commissioners are presumed to be correct, and not only has plaintiff failed to show that these returns were not correct, but the circumstances above mentioned tend to show that these returns were correct and that the ballots were left out of the box purely through oversight or inadvertence, after they were counted by the Commissioners.
It is elementary that before a defeated candidate at a Primary Election can have the election annulled and another election called, he must specifically allege and show such irregularity or fraud as would have changed the result of the election. It is obvious from what has already been said that the plaintiff has failed to make this showing in this case.
Finding no error in the judgment appealed from, the same is hereby affirmed. *Page 611